# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENICE L. TARKINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:17-cv-0072 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Denice Tarkington initiated this action by filing a complaint on January 17, 2017, seeking judicial review of the decision to denying an application for Social Security benefits. (Doc. 1) On January 18, 2017, the Court entered its Scheduling Order, setting forth the applicable deadlines for the action. (Doc. 5-1) Pursuant to the Scheduling Order, the parties exchanged confidential letter briefs, with Defendant serving the Commissioner's response on August 8, 2017. (Docs. 13, 14)

In the Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within thirty days of the date of service of the Commissioner's response. (*See* Doc. 5-1 at 2, explaining the applicable briefing deadlines.) Thus, Plaintiff was to file his opening brief in this action no later than September 7, 2017. (*See id.*) However, Plaintiff failed to

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

file an opening brief, and has not requested an extension of time.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to prosecute or to follow the Court's Order or, in the alternative, to file an opening brief.

IT IS SO ORDERED.

Dated:   **September 8, 2017**          /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE