**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENICE TARKINGTON,<br><br>      Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No.: 1:17-cv-0072 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 22) |

    Melissa Newel, attorney for Plaintiff Denice Tarkington, seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 22) Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof, was not substantially justified. For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED**.

**I.    Background**

    In May and June 2014, Plaintiff filed applications for benefits, alleging "disability beginning September 8, 2012." (Doc. 9-8 at 2-4) The Social Security Administration denied Plaintiff's applications for benefits at the initial level and upon reconsideration. (Doc. 9-3 at 18) Plaintiff requested an administrative hearing, at which she testified before an ALJ on July 27, 2016. (*Id.*) The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant in this action.

1

ALJ concluded Plaintiff was not disabled and issued an order denying benefits on September 2, 2016. (*Id.* at 18-32) The Appeals Council denied Plaintiff's request for review of the decision on November 10, 2016 (*id.* at 2-4), and the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff initiated the action before this Court on January 17, 2017, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ erred in evaluating the medical record and rejecting limitations identified by Plaintiff's treating physician. (Doc. 20 at 5-8) The Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 26, 2018. (*Id.* at 8-9)

Following the entry of judgment (Doc. 21), Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 23) Although the Court set a briefing schedule on the motion and ordered the Commissioner to respond no later than July 13, 2018 (Doc. 24), no response was filed by the Commissioner.

**II.     Legal Standards for EAJA Fees**

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time

2

expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

**III.     Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 22)

**A.     Whether Defendant's position was substantially justified**

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Significantly, the burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408

3

F.3d 613, 618 (9th Cir. 2005). Here, however, the Commissioner has not responded to the motion and has not taken any effort to demonstrate either the ALJ's decision or the Commissioner's defense of the position was substantially justified.

Plaintiff's case was remanded because the ALJ failed to identify specific and legitimate reasons for rejecting some physical limitations identified by Plaintiff's treating physician and failure to address postural limitations identified by Plaintiff's treating physician in a proper manner. (Doc. 20 at 6-8) Where, as here, "the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting [a treating physician's] opinion," the Ninth Circuit concluded the ALJ's decision was not supported by substantial evidence. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). Because the ALJ's decision was not supported by substantial evidence, the Ninth Circuit determined that it followed "the government's underlying action was not substantially justified." *Id.* As in *Meier*, the government's position in defending the ALJ's flawed opinion was not substantially justified.

**B.     Reasonableness of the Fees Requested**

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Ms. Newel reports that she spent 26.05 hours on this action. (Doc. 22 at 7, Newel Decl. ¶3) The tasks completed by Ms. Newel include reviewing the ALJ's decision and the administrative record that was approximately 950 pages; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request for EAJA fees now pending before the Court. (*See id.*) Based upon the work completed in this action, the Court finds the time expended by Ms. Newel was reasonable in this action.

**C.     Assignment of the Fee Award**

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee

4

agreement she signed. (*See* Doc. 22 at 3; *see also* Doc. 22-1 at 1) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See id.*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff, and mailed to her attorney.

## IV.     Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Ms. Newel expended a total 26.05 hours on compensable work in this action on behalf of Plaintiff, which is reasonable in light of the tasks performed and results achieved. Thus, Ms. Newel is entitled to an award of fees in the requested amount of **$5,126.38**.[2]

---

[2] This amount represents the statutory maximum rate with adjustments for the increases in costs of living completed to the rate of $196.79 per hour. *See "Statutory Maximum Rates Under the Equal Access to Justice Act"*

5

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED** in the amount of **$5,126.38**;
2. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Melissa Newel; and
3. Payment **SHALL** be mailed to Plaintiff's counsel of record, Melissa Newel.

IT IS SO ORDERED.

Dated: __**July 25, 2018**__        ___**/s/ Jennifer L. Thurston**___
                                                             UNITED STATES MAGISTRATE JUDGE

---

published by the United States Courts for the Ninth Circuit, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 23, 2018).